THE SEHAT LAW FIRM, P.L.C.
Cameron Sehat, Esq.(Sbn: 256535)
19800MacArthur Avenue, Suite #1000
Irvine, CA 92612
T  (949) 825-5200
F (949) 313-5001
Email: Cameron@sehatlaw.com
Web: www.sehatlaw.com

Attorney for Plaintiff, Shawn Barber

## UNITED STATES DISTRICT COURT-
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN BARBER, Individually; | ) Case No.: |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR DAMAGES** |
| | ) |
| vs. | ) 1. **Unreasonable Search and Seizure – Excessive Force and Failure to Intervene (42 U.S.C. § 1983)** |
| COUNTY OF ORANGE, A Governmental Entity; and DOES 1 through 10, inclusive, | ) 2. *Monell* **Violation for Unconstitutional** *Policy, Custom, Practice, and Training***(42 U.S.C.§1983)** |
| | ) 3. **Battery (State)** |
| Defendants. | ) 4. **Negligence (State)** |
| | ) 5. **Bane Act C.C. 52.1 Et Seq. (State)** |
| | ) |
| | ) **DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1.      This case challenges the excessive force used by approximately three Orange County sheriff's deputies in detaining Shawn Barber, who was unarmed, was not posing a threat of harm, and was not resisting arrest at the time of the assault.

2.     The deputies viciously attacked Plaintiff, causing severe injuries to his jaw, while Plaintiff lay on the ground helpless. Plaintiff also suffered from contusions and lacerations, and has had to endure extensive surgery and a lengthy recovery process.  This action is brought against the assaulting deputies DOES 1 through 10, and their employer, the County of Orange.

3.     The use of force against Plaintiff to seize his person was unconstitutional and violated clearly established law that would have been known to any reasonable peace officer.

## JURISDICTION AND VENUE

4.     This action is filed under the Due Process Clause of the Fourteenth Amendment of the United States Constitution, pursuant to 42 U.S.C. § 1983, to redress injuries suffered by Plaintiff at the hands of Defendants.

5.     This Court has jurisdiction over the federal civil rights claim pursuant to 28 U.S.C. §§ 1331 and 1343.  This Court has supplemental jurisdiction over any state-law claims pursuant to 28 U.S.C. § 1367(a).

6.     On September 18, 2020 Plaintiffs submitted a Government Tort Claim and an Amended Government Tort Claim to the County of Orange, and on September 25, 2020Plaintiffs submitted a Second Amended Tort Claim to the County of Orange. The County of Orange sent a letter acknowledging receipt of the claim on September 25, 2020. Plaintiff received a rejection letter from the County of Orange, thus this lawsuit ensued.

7.     Venue is proper in this District pursuant to 28 U.S.C. §1391 (b) and (e) in that (1) the unlawful actions challenged herein occurred in the Central District of California; and (2) all of the parties reside in its Southern Division.

## PARTIES

8.     At all times relevant to this complaint, Plaintiff, Shawn Barber, and is an individual residing in Orange, California.

9.     Defendant County of Orange ("COUNTY") is a government entity

that acts through individuals and to establish its policies and is capable of being sued in federal court.

10.     Plaintiff is unaware of the true identities and capacities of Defendants DOES 1 through 10 but upon information and belief, said DOES are employees of COUNTY, inclusive. A *California Public Records Act* request was made to the County of Orange on September 21, 2020 seeking the identities of the involved Defendant deputies. To date, the County of Orange has not responded. Each of the fictitiously named Defendants is in some manner and to some extent liable for the injuries alleged in this Complaint. Plaintiff will seek leave to amend this Complaint to allege the true identities and capacities of those fictitiously named Defendants when they are determined.

11.     At all relevant times, unknown named Defendants were deputies of the Orange County Sheriff's Department and employees and agents of COUNTY. Each Defendant is, and at all times mentioned was, the agent, employee, representative, successor and/or assignee of each other Defendant.  At all times herein mentioned, each and every Defendant herein had the legal duty to oversee and supervise the hiring, conduct, employment and discipline of each and every other Defendant herein. Each Defendant, in doing the acts, or in omitting to act as alleged in this complaint, was acting within the scope of his or her actual or apparent authority, or the alleged acts and omission of each Defendant as agent subsequently were ratified and adopted by each other Defendant as principal.

12.     At all times relevant to this Complaint, each Defendant acted under the color of state law.

13.     Each of the individual Defendants was in some way responsible for the constitutional violations alleged in this complaint.

14.     In committing the acts alleged in this complaint Defendants acted knowingly, maliciously and with reckless or callous disregard for the constitutional rights of Plaintiff justifying an award of punitive damages under

federal law against each individual Defendant.

## FACTUAL ALLEGATIONS& TIMELINE OF EVENTS

15.        On or about March 24, 2020 at approximately 2:25a.m. approximately 100 feet south of McDonalds near Katella and Beach Boulevard, in the City of Fountain Valley, Mr. Barber, who suffers from schizophrenia, bipolar disorder and Tourette's syndrome, was walking away from a local shopping center, and was located on the westward sidewalk.

16.        Approximately three (3),possibly more, Sheriff's Deputies arrived on the scene and without warning, immediately detained and began to assault Mr. Barber—despite the fact that Mr. Barber was merely walking around the center at the time of their arrival, was being compliant with the deputies, posed no threat of harm to them, and had no weapons on his person. One deputy in particular caused serious harm to Mr. Barber's jaw by striking it numerous times causing multiple fractures, then aggravated the same injury by pressing his head and jaw into the concrete once Mr. Barber was restrained on the ground—all while Mr. Barber was bleeding from his mouth. After Defendants finished their assault on Mr. Barber, they called an ambulance to the scene.

17.        Defendants further warned Mr. Barber to make sure to "get his story straight" about the manner in which he injured his jaw, and to tell the fire department medics that he hurt himself *while running away*.

18.        Plaintiff further told paramedics that his pain level on the universal pain scale was at a ten, and their report indicated that Plaintiff had a blood clot hanging from his mouth, and that he had difficulty speaking because of his injuries. As a result of this unjustified attack, Plaintiff had sustained serious injuries, such as a severely fractured jaw called a parasymphysis of the mandible requiring extensive surgical procedures which included extraction of several of his teeth, the external fixation of surgical hardware (***see attached exhibit A***), as well as, contusions, and lacerations on his face. These injuries Mr. Barber sustained

have resulted in an extensive months-long, painful recovery process. Plaintiff's recovery process was prolonged further as the external hardware keeping his jaw together became infected requiring additional surgeries to remedy the condition.

19.     Plaintiff was deprived of his interests protected by the Constitution or laws of the United States, and Defendants caused all such deprivations while acting under color of state law.

20.     All acts or omissions alleged to have been engaged in by any individual Defendants were committed with evil motive and intent, and in callous, reckless, and wanton disregard to the individual rights of Plaintiff.

## COUNT ONE

## UNREASONABLE SEARCH AND SEIZURE –EXCESSIVE FORCE and FAILURE TO INTERVENE

### (42 U.S.C. § 1983 against the individual defendants)

21.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1-3, and 15 through 21 of this Complaint with the same force and effect as if fully set forth herein.

22.     Defendants DOES 1 through 10, while working as an agent for COUNTY and acting within the course and scope of his duties, assaulted Plaintiff multiple times, with the intent of inflicting serious injury despite the fact that Plaintiff posed no threat to the deputies. DOES 1 through 10 assaulted Plaintiff until he sustained injuries requiring extensive surgery and recovery time.  All aforementioned acts were in violation of Plaintiff's right to be secure in his person against an unreasonable seizure guaranteed by the Fourth Amendment to the United States Constitution.

23.     As a result of this conduct, Defendants are liable to Plaintiff for his injuries, because they were integral participants in their reckless conduct.

24.     Defendants cumulatively, also failed to intervene each other's use of excessive force, as the training pursuant to the Orange County Sheriff's

Department required them to.

25.      Plaintiff is informed and believes and hereon alleges that the acts of the individual Defendants were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of his rights, welfare and safety, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

26.      As a direct and legal result of Defendants' acts and omissions, and the injuries of Plaintiff, Plaintiff has suffered damages, including, without limitation, loss of income, medical expenses, and the past and future pain and suffering, all to his general and special damages according to proof, including attorneys' fees, costs of suit, and other pecuniary losses not yet ascertained.

## COUNT TWO
## MUNICIPAL LIABILITY FOR POLICY, CUSTOM, PRACTICE, & TRAINING
### (42 U.S.C. § 1983)
### (Against Defendant COUNTY only)

27.      Plaintiff repeats and re-alleges each and every allegation in paragraphs 1-3, and 15 through 21 of this Complaint with the same force and effect as if fully set forth herein.

28.      At all times herein mentioned the Defendants DOES 1 through 10 were employees of COUNTY acting under the direction and control of Defendant COUNTY. Defendant COUNTY knowingly and intentionally promulgated, maintained, applied, enforced and suffered the continuation of policies, customs, practices and usages in violation of the Fourth and Fourteenth Amendments to the United States Constitution. These customs, policies, practices and usages required and encouraged the employment, deployment and retention of persons, as peace deputies, who have a propensity for violence, excessive force, dishonesty, and additional abuses of their duties as peace deputies in the employment of

COUNTY.

29.     Defendant COUNTY knowingly maintained or permitted an official policy or custom of permitting the occurrences of the types of wrongs alleged herein by, among other things, failing and refusing to meaningfully investigate or discipline sheriff's deputies known to have repeatedly violated the constitutional rights of the public.

30.     Additionally, Defendant COUNTY has displayed deliberate indifference to the rights of citizens and, based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), COUNTY is liable for all injuries sustained by Plaintiff as set forth herein.

31.     Defendant COUNTY bears liability because its policies, practices and/or customs were a cause of Plaintiff's injuries.  Defendant COUNTY and its officials maintained or permitted a policy, practice and custom of permitting, encouraging and ratifying the use of unnecessary and unreasonable force, false arrest and acting with reckless indifference to the constitutional rights of members of the public by its deputies by, among other things:

a.  Failing to discipline deputies known to have a propensity for violence, the use of unnecessary and unreasonable force, false arrest and/or dishonesty.

b.  Failing to train the deputies in the detention, arrest and appropriate use of force in detaining a non-violent person

b.  Continuing to assign such deputies to duties where they are likely to, and indeed do, injure members of the public;

c.  Writing false reports and giving false testimony to cover up acts of misconduct, including, but not limited to,  the use of unnecessary force, false arrest and/or dishonesty by its deputies and thereby conveying to them its approval and/or lack of concern about deputy misconduct;

d.  Refusing to adequately discipline individual deputies and employees found to have committed similar acts of abuse and misconduct;

e.  Refusing to investigate competently and impartially allegations of abuse and misconduct alleged to have been committed by Orange County Sheriff's Department employees, including the allegations made by Plaintiff in this case;

f.  Planting evidence or withholding evidence in favor of the participant officers to favor the same officers' version of the police misconduct;

g.  Routinely engaging in the use of excessive force while yelling at the detainee to "Stop resisting" as if to justify the force used;

h.  Reprimanding, threatening, intimidating, demoting, firing and otherwise retaliating against officers who reported acts of abuse by other deputies;

i.  Rewarding peace deputies who displayed aggressive and abusive behavior toward detainees, arrestees, and members of the public;

j.  Condoning and participating in the practice of reducing or dismissing criminal charges against individuals in return for releasing the County and employees of the Orange County Sheriff's Department from civil liability;

k.  Condoning and encouraging deputies' beliefs that they can violate the rights of persons such as the Plaintiff with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits;

l.  Promoting and/or acquiescing in the policy of stopping, detaining, questioning, and arresting members of the public without probable cause or reasonable suspicion;

m. Sanctioning, condoning and approving a department wide code of silence, a euphemism for perjury and dishonesty by peace deputies;

n.  Ratifying by the highest levels of authority the specific unconstitutional acts alleged in this complaint;

o.  On or about March 23, 2020 to March 24, 2020 and for some time prior thereto, Defendant COUNTY knew or should have known, that Defendants had propensities for violence, dishonesty, and for abusing their authority but

failed to discipline, and ratified, acquiesced in, authorized or directed the violent acts and abuses of power committed by these deputies;

p.  As a direct and legal result of the aforementioned wrongful acts of the individual Defendant, and the aforementioned policy, pattern, practice or custom of the County, Defendant violated the rights of Plaintiff as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

q.  Defendant's acts and omissions as herein alleged proximately caused Plaintiff's injuries;

r.  As a direct and legal result of Defendants' acts and omissions, and the injuries of Plaintiff, Plaintiff has suffered damages, including, without limitation, medical expenses, and the past and future pain and suffering, all to his general and special damages according to proof, including attorneys' fees, costs of suit, and other pecuniary losses not yet ascertained;

s.  By reason of the aforementioned acts and omissions of Defendants, Plaintiff was compelled to secure the services of an attorney at law to redress the wrongs described herein. As a result, Plaintiff is indebted and liable for legal costs, including attorneys' fees.

## COUNT THREE
### BATTERY (Against all Defendants)

32.      Plaintiff repeats and re-alleges each and every allegation in paragraphs 1-3, and 15 through 21 of this Complaint with the same force and effect as if fully set forth herein.

33.      Defendant COUNTY is vicariously liable for the actions of its employees while performed in the scope of employment.

34.      Defendants DOES 1 through 10 used more force than necessary to subdue Mr. Barber on March 23, 2020 and March 24, 2020. By engaging in excessive force to subdue Mr. Barber, DOES 1 through 10 committed a battery upon him.

## COUNT FOUR

### NEGLIGENCE(Against all Defendants)

35.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1-3, and 15 through 21 of this Complaint with the same force and effect as if fully set forth herein.

36.     Defendants owed a duty of care toward Mr. Barber and were required to use reasonable diligence to ensure that Mr. Barber was not harmed by Defendants' acts or omissions. Defendants' actions and omissions were negligent and reckless, including but not limited to:

(a) The negligent tactics, handling and detention of Mr. Barber, which resulted in his serious injuries.

(b) The negligent treatment of Mr. Barber, by allowing the deputy to severely injure his jaw, and press his head and jaw into the concrete.

(c) The negligent conduct of assaulting Mr. Barber, who was compliant with the deputies, posed no threat of harm to them, and had no weapons on his person.

(d) The negligent failure to promptly intervene with the deputy who caused serious damage to Mr. Barber's jaw while he was being attacked;

(f) The negligent hiring, retention and assignment of COUNTY's employees, including DOES 1 through 10

(g) The failure to properly train, supervise, and discipline COUNTY employees, including DOES 1 through 10

37.     As a direct and legal result of Defendants' acts and omissions, and the ensuing injuries to Mr. Barber, Mr. Barber has suffered damages, including, without limitation, medical expenses, loss of earnings, and the past and future pain and suffering all to his general and special damages according to proof, including Attorney's fees, costs of suit, and other pecuniary losses not yet ascertained.

38.     As a direct and legal result of their conduct, Defendants are liable for

Plaintiff's damages, either because they were integral participants in the negligence, or because they failed to intervene to prevent these violations.

## COUNT FIVE

### BANE ACT C.C. 52.1 Et Seq.(Against all Defendants)

39.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1-3, and 15 through 21 of this Complaint with the same force and effect as if fully set forth herein.

40.     Defendants attempted to interfere with and did interfere with the rights of Mr. Barber's freedom of speech, free expression, free assembly, due process, and to be free from unreasonable search and seizure by threatening and committing violent acts against Plaintiff.

41.     Plaintiff reasonably believed that if he exercised his rights of free speech, free expression, free assembly, due process, and to be free from unreasonable search and seizure, Defendants would commit violent acts against him.

42.     Defendants allowed Mr. Barber to be injured in order to prevent him from exercising his free speech, free expression, free assembly, due process, and to be free from unreasonable search and seizure and retaliated against him for having exercised such.

43.     The conduct of Defendants was a substantial factor in causing harm to Mr. Barber.

44.     COUNTY is vicariously liable for the wrongful acts of DOES 1 through 10, pursuant to § 815.2 of the California Government Code, which provides that a public entity is liable for the injuries cause by its employees within the scope of their employment if the employee's act(s) would subject him or her to liability.

45.     The conduct of Defendants was malicious, wanton, oppressive, and carried out with a conscious disregard for the rights of Plaintiff, entitling him to an

award of exemplary and punitive damages.

46.      Mr. Barber seeks economic damages, general and punitive damages, along with reasonable attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests entry of judgment in their favor and against all Defendants, and DOES 1 through 10 inclusive, as follows:

1.      For all special, general and compensatory damages to be proven at trial;

2.      For punitive damages against the individual defendants in an amount to be proven at trial;

3.      For interest;

4.      For reasonable costs of this suit and attorneys' fees per 42 U.S.C. §1988; and

5.      For such further other relief as the Court may deem just, proper, and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.


Date: January 8, 2021          THE SEHAT LAW FIRM, PLC


By: */s/ Cameron Sehat*
Attorney for Plaintiff